# John E. Balkwill et al. v. The Bridgeport Wood Finishing Company.

62    663
191s    74

1. COMMERCIAL PAPER—*When it Matures.*—It is a general rule of commercial law (except as to days of grace), that if the time of doing an act falls upon a holiday, the party who should do it has the next day to do it in.

2. SAME—*Diligence in Presenting for Payment.*—A person drew a draft upon a Chicago bank, payable to the order of a foreign corporation, and mailed the same to its agent in Chicago. As no one there had authority to indorse the same, it was necessary to send it by mail to the home office of the payee, which was done on the day of its receipt. It was received by the payee, indorsed and deposited, after banking hours, in its bank for collection. The next day being a holiday, it was not forwarded until the day following, and then through a New York bank. It reached Chicago the day after the drawee had failed, and was not paid. *Held,* that the payee was entitled to recover the amount, etc., in a suit against the drawee.

Assumpsit, on bill of exchange. Appeal from the Circuit Court of Cook County; the Hon. FRANK BAKER, Judge, presiding. Heard in this court at the October term, 1895. Affirmed. Opinion filed March 3, 1896.

## STATEMENT OF THE CASE.

This was an action brought on a check on Herman Schaffner & Co., bankers, in Chicago, drawn in Chicago by appellants to the order of appellee for $272.60, and resulted in a verdict and judgment in favor of appellee for $298.92, being amount of check, together with interest thereon at the legal rate from date of the check to the trial in the court below. The check in question was dated May 25, 1893, and on that date was sent by post to 206 East Lake street, Chicago, that being a warehouse of appellee, which was at that time in charge of George L. Burrill, and was received by him on the morning of May 26th, and on the same date, forwarded by post to appellee at its principal office in New Milford, Connecticut, that being the only place where appellee kept a bank account. It was received by appellee May 29th, and deposited with the First National Bank of

New Milford, Connecticut, for collection. It was too late to be forwarded that day, and the next day (May 30th), being a holiday, was not forwarded until May 31st, when it was sent to the Mercantile Bank of New York, that being the correspondent bank of the First National Bank of New Milford, and was presented for payment at Herman Schaffner & Co.'s bank, June 3d, following, and payment refused (the bank having suspended payment June 2d).

MOSES, PAM & KENNEDY, attorneys for appellants.

HOYNE, FOLLANSBEE & O'CONNOR, attorneys for appellee.

MR. PRESIDING JUSTICE GARY DELIVERED THE OPINION OF THE COURT.

May 25, 1893, the appellants mailed to the Chicago office of the appellee, a corporation at New Milford, Connecticut, a check as follows:

"No. 5799.                              CHICAGO, May 25, 1893.
    Herman Schaffner & Co., Bankers.
    Pay to the order of Bridgeport Wood Finishing Co., $272.60 two hundred seventy-two and 60-100 dollars.
                                 J. F. BALKWILL & Co."

The bankers were at Chicago. On at least three former occasions the appellants had given to the appellee similar checks, all of which came to the Chicago bankers after an interval of eight or nine days, with indorsements upon them indicating that they had first gone to the appellee in Connecticut.

As the checks were all payable to the order of the appellee, and as no one in Chicago had authority to indorse them, it was necessary that they should be sent to Connecticut. By this means the appellants always had about a week longer credit.

The appellants knew that they were dealing with a foreign corporation, and about what time would be needed to get the checks to the bank. They had no reason to suppose that anybody in Chicago had authority to indorse.

Now, counting the days, this check was received ·by the Chicago agent, May 26th, and mailed to Milford the same day, which was Friday. It was received by the appellee on Monday, the 29th, and deposited the same day in the bank at New Milford for collection. The next day was a holiday. On the 31st, that bank sent it to a New York bank for the same purpose.

Then history is silent.

The appellants object that the testimony of a witness by deposition that May 30th was a legal holiday, was not competent; that proof of the law creating it should have been made. But no motion to suppress that part of the deposition was made before the trial, and an objection which could be removed by better evidence can not be urged at the trial. T. W. & W. Ry. v. Baddeley, 54 Ill. 19.

It is a general rule of commercial law (except as to days of grace), that if the time of doing any act falls upon a holiday, the party who should do it, has the next day to do it in; the holiday is not to be counted.

It is in the evidence that the course of the mail between Chicago and New Milford is not less than two days.

Now the appellant receiving the check at New Milford May 29th, and the 30th being a holiday, would have been guilty of no negligence had it mailed the check direct to Chicago on the 31st. Then it would have been received in Chicago June 2d, and due presentment would have been on June 3d. Continental N. B. v. Cornhauser, 37 Ill. App. 475.

On that day the Chicago bankers did not open their doors; they had failed.

On these facts the appellee was entitled to recover; the appellants can not charge it with negligence in pursuing a course of business to which, under the evidence, it must be presumed that they assented. Montelius v. Charles, 76 Ill. 303.

The judgment is affirmed.