Republic Metalware Company, Plaintiff in Error, v. Fred J. Smith, trading as J. Smith & Company, Defendant in Error.

## Gen. No. 24,915.

1. PAYMENT, § 9*—*when failure to present check constitutes payment.* Failure to present a check within a reasonable time which causes loss to the maker constitutes payment *pro tanto.*

2. PAYMENT, § 9*—*when check is not presented within reasonable time.* In an action to recover for goods sold defendant for which defendant had given plaintiff its check, such check having been protested, however, on account of the suspension of the bank on which it was drawn, evidence examined and *held* to support a finding that the plaintiff failed to present the check for payment in a reasonable time.

Error to the Municipal Court of Chicago; the Hon. SAMUEL H. TRUDE, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1919. Affirmed. Opinion filed April 21, 1920.

BRYAN, McCORMICK & WILBER, for plaintiff in error; HOWARD H. McCORMICK, of counsel.

J. H. PERKINSON, for defendant in error.

MR. JUSTICE TAYLOR delivered the opinion of the court.

The plaintiff brought suit for goods, wares and merchandise sold and delivered to the defendant prior to June 25, 1917, for which the defendant had given it a check for $253.62 drawn on Graham & Sons, bankers, at 659 West Madison street, Chicago. The check had been protested. There was a trial and judgment for the defendant.

It is the claim of the plaintiff that although he used due diligence in presenting the check for payment,

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

it was protested, the bank having suspended.   The
evidence shows that the defendant bought the mer-
chandise from the plaintiff in Chicago, and on June
25, 1917, made out the check in question, drawn on
Graham & Sons, bankers, 659 West Madison street,
Chicago, and at half past nine on that day mailed it
in Chicago to the plaintiff directed to its office, 532
Wabash avenue, Chicago, Illinois, and that the check,
on being received at the Chicago office of the plain-
tiff, was immediately mailed by it to the head office at
Buffalo, New York; that, when received at the head
office in Buffalo, it was then promptly deposited in a
bank there and sent in the usual course of business
to Chicago for collection.   Further, that the check was
received in the Chicago office on June 27, 1917, and
was deposited in the bank in Buffalo on June 28, 1917.
Graham & Sons failed in the afternoon of June 29,
1917, and later, on the same day, the check was pre-
sented, protested and sent back to the Buffalo office
unpaid.

It is in evidence that the invoice sent to the plaintiff
contained the notation, "Please make all remittances
to the Republic Metalware Co., Buffalo, N. Y."   On
July 14, 1917, the defendant, in answer to a letter from
the plaintiff, wrote as follows:

"We received word from your office here that our
check of 25th June had been stopped.   The amount of
the check $253.62.   The Bank 'Graham & Sons' has
been closed down and we will not receive any of our
money (all of which was deposited at this bank) till
Aug. 20, 1917, so you will kindly hold the check as we
have no money on hand just now."

The defendant filed a claim for his account in the
bankruptcy proceedings of Graham & Sons Bank, but
has been paid nothing.   In that claim, he did not in-
clude the amount of the check.

On May 4, 1917, he had borrowed $2,500 from the
latter bank and given his note therefor, and, also, on

May 7, 1917, he had borrowed $1,000 and given his note therefor. After the failure of the bank he was notified by the Continental & Commercial Bank that they owned the two notes, and he then paid them. However, at the time the check was drawn and up to the time the bank failed, the defendant had more than enough on deposit or to his credit to pay the check.

The defendant testified that he had never read the printed matter on the invoice, and that on former occasions he had sent his checks to the Chicago office.

The evidence, also, shows that the plaintiff had a Chicago office at 1522 Wabash avenue; that one Edmunton officed there and had charge of the credits for the Chicago territory; that the Chicago office employs about thirty people; that all Chicago books of account were kept at Buffalo, New York; that the Chicago office does not deposit checks. Edmunton testified that when the bookkeeping department was moved east several years ago he was instructed to send all checks to the home office, and that since then that has always been done. To that evidence the defendant objected but the record shows no ruling thereon. Edmunton further testified that when the check was received at the Chicago office he immediately mailed it to Buffalo; that the plaintiff did keep in Chicago a trustee's account at the Corn Exchange National Bank; that the trustee of that fund used it to pay, every week, the salaries of the employees at the Chicago office, also, to pay incidentals, such as car fare; that that account amounted to $1,200 and was replenished weekly by a check for that amount from the Buffalo office; that all cash received from payments at Chicago is deposited in the Chicago account at the Corn Exchange National Bank. One Schaumloeffel, chief accountant of the plaintiff at Buffalo, testified that the "Chicago office" had no authority to indorse or deposit checks. The evidence shows that the defendant on three prior occasions in the

year 1917, after purchasing merchandise of the plaintiff, had, in each instance, mailed checks, for the respective amounts, to the Chicago office of the plaintiff, and those checks had then been sent on by the plaintiff's Chicago office to Buffalo, and by the Buffalo office deposited and collected through the regular banking channels. The plaintiff has but two branch offices, one at Chicago and one at New York City. The evidence is that the Chicago office "is simply a sales office and also a warehouse for supplying of goods."

The cause was tried without a jury and judgment given for the defendant.

It is the law that a failure to present a check within a reasonable time which causes loss to the maker constitutes payment *pro tanto*. *Brown v. Schintz,* 202 Ill. 509. Here, the purchase of the merchandise was made by the defendant from the plaintiff in Chicago, and there is no evidence that at the time of the contract of purchase anything was said as to where payment should be made. Plaintiff had an office in Chicago at 1522 Wabash avenue. At that office one Edmunton had charge of the correspondence of the Chicago territory. In that office were employed about thirty people. Further, the plaintiff kept in Chicago a trustees' account in the Corn Exchange National Bank and out of that account paid each week the salaries of the employees of the Chicago office and also incidental expenses such as car fare. That account amounted to $1,200 a week and was replenished from time to time from the Buffalo office. In that account all cash received in Chicago was deposited. The question arises whether under these circumstances it was reasonable for the plaintiff after receiving the check from the defendant to send it to the Buffalo office and put it through the clearing house there and have it returned to Chicago for collection, taking in all four days, to do that which the defendant knew might be done in one or two days at most? Under

the circumstances we are of the opinion that the check was not presented for payment within a reasonable time. The instant case is distinguishable from *Balkwill v. Bridgeport Wood Finishing Co.*, 62 Ill. App. 663. In the latter, the court intimated that the drawer of the check knew he was dealing with a foreign corporation "and about what time would be needed to get the checks to the bank." And, further, that he could not charge the recipient of the check "with negligence in pursuing a course of business to which, under the evidence, it must be presumed that they (meaning the drawer) assented." That situation does not exist here. The evidence in the instant case shows that the defendant on three prior occasions in the same year had paid for purchases of merchandise by mailing checks to the Chicago office of the plaintiff. It is true that these checks had in every instance been sent by the plaintiff to the Buffalo office but there is no evidence that the defendant was cognizant of that fact. We are of the opinion that as the failure of the plaintiff to present the check for payment within a reasonable time resulted in a loss to the maker of the check, it constituted a payment of the debt for which the check was drawn. As no argument is made concerning the letter of July 14, 1917, we refrain from discussing the point therein involved.

Finding no error in the record the judgment is affirmed.

*Affirmed.*

MR. PRESIDING JUSTICE THOMSON and MR. JUSTICE O'CONNOR concur.